Gregory Alan **FERQUERON,**
Petitioner–Appellant,

v.

Dennis **STRAUB,** Respondent–Appellee.

No. 01–1948.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

Gregory Alan Ferqueron appeals a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A Michigan jury convicted Ferqueron of criminal sexual conduct, assault, and several firearm offenses. He pleaded guilty to being an habitual offender and was sentenced to a term of twenty to forty years of imprisonment. This sentence was affirmed on direct appeal.

In his § 2254 petition, Ferqueron alleged he was subjected to the ineffective assistance of counsel, prosecutorial misconduct, and evidentiary errors. The district court denied the petition on June 7, 2001, and Ferqueron now appeals. He has filed several motions for miscellaneous relief.

As an initial matter, we note that Ferqueron now argues that the state withheld evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, this claim is not reviewable because it has not been certified for appeal as required by 28 U.S.C. § 2253(c). *See Seymour v. Walker,* 224 F.3d 542, 561 (6th Cir.2000), *cert. denied,* 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001).

The district court certified only the following claims for appeal: 1) that Ferqueron's attorney prevented him from testifying and made prejudicial remarks at trial; and 2) that his appellate attorney should have argued that trial counsel was ineffective. Ferqueron's brief does not contain any clear challenge to the court's rationale for dismissing these claims. Thus, he has abandoned them for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001). Nevertheless, we conclude that these claims are unavailing.

The denial of a § 2254 petition is reviewed *de novo,* although the district court's findings of fact are examined for clear error. *Seymour,* 224 F.3d at 549. To establish the ineffective assistance of counsel, Ferqueron must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Ferqueron alleged that his attorney told the jury that "we don't know what happened that night" and that Ferqueron "does stupid and sometimes criminal things when he is drinking." The district court found that there had been extensive testimony regarding Ferqueron's prior violent and criminal acts when intoxicated. Hence, the court properly denied this claim because Ferqueron did not show that he had been prejudiced by counsel's alleged error. *See id.* at 697, 104 S.Ct. 2052.

Ferqueron also alleged that his attorney convinced him not to testify. In rejecting this claim, the district court properly assumed that Ferqueron had waived his right to testify, as he had not advised the trial court that he wished to do so. *See United States v. Webber,* 208 F.3d 545, 551–52 (6th Cir.2000). Ferqueron asserts in one of his motions that he did place his desire to testify on the record, but this assertion is not fairly supported by the parts of the record to which he cites.

Ferqueron alleged that his appellate attorney should have argued that he had been denied the effective assistance of counsel at trial. The court properly rejected this claim because counsel's failure to raise a meritless argument on direct appeal did not satisfy either prong of the *Strickland* test. *See Jones v. Barnes,* 463 U.S. 745, 751–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

We have considered Ferqueron's other arguments and they are all equally lacking in merit.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.